Nicholson, C. J.,
delivered the opinion of the court.
We are asked to reconsider and modify our opinion and judgment in this cause, given at a former day of this term. Upon examination of the record, we find that there is an error in the proceedings below, which was overlooked b.y counsel and by the Court, which makes it proper 'for the attainment of justice, that the former opinion of the case be modified, and the judg *15 ment rendered be set aside. The following is therefore the opinion of the Court as modified:
Senter & Co. sued W. C. Bowman before a Justice of the Peace in Gibson county, on the following contract :
“St. Louis, Mo., Sept. 2, 1867.
“$300. Sixty days after date we promise to pay Messrs. Senter & Co. the sum of three hundred dollars, with interest at the rate of 10 per cent, per annum from date — this money is advanced on eight bales of cotton which we are to ship to said S. & Co. Witness our hands and seals. W. C. Bowman,
A. M. Dinwiddie.”
After a trial before the Justice of the Peace, on which judgment was given for the defendants, the case was taken to the Circuit Court by appeal, by the plaintiffs. Upon the trial in the Circuit Court, defendants again recovered a judgment, and plaintiffs appealed in error to this Court.
The first question to be determined is, whether the note sued on is usurious on its face? It is conceded, that if it was made in St. Louis, or was payable there, it would not be usurious, as the laws of Missouri authorize the taking of interest at 10 per cent, per annum.
It is well settled, that the lex loei contractus depends, not upon the place where the note or bill is made, drawn, or dated, but upon the place where it is delivered from drawer to drawee, from promiser to prom-isee, from indorser to indorsee: 2 Parsons on Bills, etc., 327. The proof shows that although this note is dated *16 at St. Louis, Mo., yet-that, in fact, it was written, executed and delivered in Tennessee.
But although the note was made and delivered in Tennessee, yet it was competent for the parties, to contract for the rate of interest where the contract is to be performed: 4 Ter., 452.
This brings us to the question, whether the parties made their contract to be performed in Missouri? This is a question of intention, to be deduced from the language employed in the contract; and, in ascertaining the intention, we may look to the situation of the parties, the motives which induced the agreement, and the purposes and objects designed to be effected by it: McNairy v. Thompson, 2 Sneed, 141; 2 Parsons Contr., 499.
It appears that Senter & Co. were commission merchants and cotton factors in St. Louis, Mo. Bowman was a farmer in Gibson county, Tenn. The former wanted cotton shipped to their house — the latter wanted his cotton shipped, but not being ready, he wanted an advance on its shipment. The purpose of Senter & Co. was to secure the handling of the cotton, as commission merchants, and, to effect this object, they loaned to Bowman $300, to be repaid at sixty days with 10 per cent, interest. The object of Bowman was to get the immediate use of $300, in anticipation of the sale of his cotton.
Have the parties expressed their contract in such language as to effectuate their respective objects and purposes? We think they have; with sufficient clearness to enable us to ascertain their intention, without any resort to parol proof.
*17 The contract is shown to have been made at Trenton, in Tennessee; yet when reduced to writing it is dated St-. Louis, Missouri. What did the parties mean, by giving to a contract made in Tennessee, a date indicating that it was made in Missouri? Clearly it was made thus, either to indicate that it was made in Missouri, with the view of evading the usury laws of Tennessee, or it was so made to indicate that the contract was to be performed in St. Louis, Missouri. It is a sound rule of construction, that when a contract will bear two interpretations, one effecting a legal, and the other an illegal object, we are rather to adopt the interpretation consistent with a legal than with an illegal purpose: 2 Parsons Cont., 500; Co. Litt., 42, 183.
But there is enough in the face of this contract to indicate that the parties were intending a legal contract. It is dated St. Louis, Mo. — that is significant. Mr. Parsons (1 vol., p. 441) says: “The fact that a note is dated at a certain place, it need hardly be necessary to remark, does not make the note specially payable there. It may have the effect of leading a holder, who has no knowledge of the place of residence or business of the maker, to suppose that he might be found there. Perhaps it may be said, generally, that the date of a certain place raises the presumption that the paper is payable, and therefore to be demanded at that place.” This presumption- is strengthened by the face of the contract: it there appears that the $300 was advanced on eight bales of cotton, which Bowman was to ship to Senter & Co. No reasonable doubt could exist as to what the par *18 ties meant; which was, that the eight bales of cotton were to be shipped to Senter & Co., at St. Louis, Mo., out of the proceeds of which the $300 was to be paid- Our conclusion is, that the contract was not usurious.
On the question of usury in the note, the Circuit Judge charged the jury: “If you find from the proof that the note sued on was made in Tennessee, and the consideration for the note was advanced here, and that it bears upon its face ten per cent, per annum, then the note is void for usury, unless you should also find that said note, though made in Tennessee, was upon its face payable in Missouri, in which latter event the plaintiff would be entitled to recover. If you find the note void, as explained, you need not carry your investigation further, but find for defendant.”
Plaintiff requested the Judge to charge that “although they might find that the note sued on was executed in Tennessee, yet if defendant was to pay it by shipping cotton to St. Louis to Senter & Co., and that the note was to be paid out of proceeds of cotton to be shipped to St. Louis, and received by Sen-ter & Co., then the note would not' be usurious.” .
The Judge “declined to give this instruction, but instructed the jury as before.”
The charge of the Judge as to the right of defendant to set off the, proceeds .of eight bales of cotton shipped to plaintiff at St. Louis, in the event they found the note not void for usury, was unexceptionable.
The jury found a general verdict for the defendant, *19 and the question now is, Was the charge of the Judge on the question of usury in the note erroneous? And, if so, was the plaintiff thereby prevented from having the facts as to the set-off passed upon by the jury?
The charge was that the note would not be usurious, although made in Tennessee, if it appeared on its face that it was payable in St. Louis. This was correct as far as it went. We have held above that the fact that the note was dated at St. Louis raised a presumption that it was payable there. But this was not the meaning of the Judge when lie told the jury that the note would not be usurious if it appeared on its face that it was payable in St. Louis. The jury would naturally understand his language to mean, that it must be expressed on the face of the note that it was payable in St. Louis, to authorize them to find that it was not usurious. That such was his meaning, and that the jury so understood his language, is made certain by his declining to instruct them that they could look to the proof to see whether the note was to be paid in St. Louis out of the proceeds of cotton to be shipped by defendant to plaintiffs. His refusal so to instruct the jury was a clear indication to them that such facts would not relieve the note of usury, and that the fact of its being payable in St. Louis must be expressed on its face, otherwise they were bound to find it usurious and void.
We are therefore satisfied that the jury were misled by this error in the charge, and that the question of payment or set-off was not passed upon by them. The plaintiff has a right to have this question inves *20 tigated by the jury; and for that purpose the former judgment in this case at this term is set aside, the judgment below is reversed, and the cause remanded for another trial. This opinion is substituted for so much of our former opinion as related to the question of payment or set-off, on which no opinion is now intended to be indicated, as the facts are to be investigated on another trial.